IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SOUTHERN OHIO MEDICAL CENTER ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 06-0205 (GK) |
| ) | |
| MICHAEL O. LEAVITT, ) | |
| Secretary, United States Department of ) | |
| Health and Human Services, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## ANSWER

Defendant, by and through its undersigned counsel, answers Plaintiff's Complaint as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

This Court lacks subject matter jurisdiction under 42 U.S.C. § 1395oo over Count II of the Complaint because Count II of the Complaint does not seek judicial review of a final decision of the Secretary.

### THIRD DEFENSE

Answering specifically each paragraph of the Complaint, and using the same numbering contained in the Complaint, Defendant pleads as follows:

1. This paragraph contains Plaintiff's characterizations of this action to which no response is deemed to be required.

2. The first sentence contains Plaintiff's characterizations of this action to which no response is deemed to be required. The second sentence sets forth Plaintiff's legal conclusions to which no response is deemed to be required.

3. The first sentence contains Plaintiff's characterizations of this action to which no response is deemed to be required. The remainder of this paragraph contains conclusions of law and Plaintiff's characterizations of 42 U.S.C. § 1395ww(d)(5)(F), not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited statutory provision, to which the Court is referred for a full and accurate statement of its contents.

4. This paragraph sets forth Plaintiff's legal conclusions to which no response is deemed to be required. Defendant admits that this action arises under Title XVIII of the Social Security Act, 42 U.S.C. §§ 1395 et seq. ("the Medicare statute").

5. This paragraph sets forth Plaintiff' legal conclusions to which no response is deemed to be required. Defendant refers the Court to the cited statutory provision for a full and accurate statement of its contents, see 42 U.S.C. § 1395oo(f)(1).

6. Admits.

7. This paragraph sets forth Plaintiff's legal conclusions to which no response is deemed to be required. Defendant admits that Plaintiff's is a hospital located in the State of Ohio and that Plaintiff's Medicare provider number is 36-0008.

8. Admits.

9. Admits the first sentence. The second and third sentences contain Plaintiff's characterization of Title XVIII of the Social Security Act, not allegations of fact, and thus no

response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited statute, to which the Court is referred for a full and accurate statement of its contents.

10. Admits the first sentence. The second and third sentences contain Plaintiff's characterizations of 42 U.S.C. § 1395f(b) and 42 U.S.C. § 1395ww(d), not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited statutory provisions, to which Court is referred for a full and accurate statement of their contents. Denies the fourth sentence, except to admit that generally, under PPS, hospitals are paid predetermined amounts for each of approximately 490 diagnosis-related groups, subject to certain payment adjustments.

11. Admits.

12. This paragraph contains conclusions of law and Plaintiff's characterizations of 42 C.F.R. § 413.24(f) and 42 C.F.R. § 405.1803, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited regulations, to which the Court is referred for a full and accurate statement of their contents.

13. This paragraph contains conclusions of law and Plaintiff's characterizations of 42 U.S.C. § 1395oo(a), not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited statutory provision, to which the Court is referred for a full and accurate statement of its contents.

14-16. These paragraphs contain conclusions of law and Plaintiff's characterizations of 42 U.S.C. § 1395oo(f)(1), not allegations of fact, and thus no response is required; to the extent a

response is deemed necessary, denies, except to admit the existence of the cited statutory provision, to which the Court is referred for a full and accurate statement of its contents.

17. This paragraph contains conclusions of law and Plaintiff's characterizations of 42 C.F.R. § 405.1885, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited statutory provision, to which the Court is referred for a full and accurate statement of its contents.

18. This paragraph contains conclusions of law and Plaintiff's characterizations of 42 C.F.R. § 405.1887, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited statutory provision, to which the Court is referred for a full and accurate statement of its contents.

19. Admits.

20. This paragraph contains conclusions of law and Plaintiff's characterizations of 42 C.F.R. § 405.1889, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited statutory provision, to which the Court is referred for a full and accurate statement of its contents.

21. This paragraph contains conclusions of law and Plaintiff's characterizations of 42 U.S.C. § 1395ww(d)(5)(C)(i), not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited statutory provision, to which the Court is referred for a full and accurate statement of its contents.

22. Admits.

23. This paragraph contains Plaintiff's characterizations of 42 U.S.C. § 1395ww(d)(5)(F)(vi), not allegations of fact, and thus no response is required; to the extent a

response is deemed necessary, denies, except to admit the existence of the cited statutory provision, to which the Court is referred for a full and accurate statement of its contents.

24. This paragraph contains conclusions of law and Plaintiff's characterizations of this action and of 42 U.S.C. § 1395ww(d)(5)(F)(vi)(I), not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited statutory provision, to which the Court is referred for a full and accurate statement of its contents.

25. This paragraph contains conclusions of law and Plaintiff's characterizations of 42 U.S.C. § 1395ww(d)(5)(F)(vi)(II), not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited statutory provision, to which the Court is referred for a full and accurate statement of its contents.

26. Admits that if a provider qualifies for a Medicare disproportionate share ("DSH") adjustment, a larger number of patient days in the numerator of the Medicaid proxy can result in a larger DSH adjustment, but otherwise denies.

27. Admits the first sentence. The second sentence contains conclusions of law and Plaintiff's characterization of Title XIX of the Social Security Act, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited statute, to which the Court is referred for a full and accurate statement of its contents.

28. This paragraph contains conclusions of law and Plaintiff's characterizations of provisions the Medicaid statute, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of 42 U.S.C.

§§ 1396d and 1396a(a)(10)(A), to which the Court is referred for a full and accurate statement of their contents.

29. This paragraph contain conclusions of law and Plaintiff's characterizations of 42 U.S.C. § 1396a(a)(13)(A), not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited statutory provision, to which the Court is referred for a full and accurate statement of its contents.

30. This paragraph contains conclusions of law and Plaintiff's characterizations of 42 U.S.C. § 1396 and 42 U.S.C. § 1396a , not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited statutory provisions, to which the Court is referred for a full and accurate statement of their contents.

31-32. This paragraph contains conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.

33. Admits the first sentence and admits the existence of the referenced letter, to which the Court is referred for a full and accurate statement of its contents. See Certified Administrative Record ("A.R.") at 13. The second sentence contains Plaintiff's characterization of its reopening request to which no response is deemed to be required.

34. Denies the first sentence, except to admit that the intermediary agreed to reopen the Hospital's cost report. Admits the second sentence. By way of further answer admits the existence of the referenced letters, to which the Court is referred for a full and accurate statement of their contents. See A.R. at 13; A.R. at 50.

35. Admits that, in computing the Hospital's Medicare DSH adjustment for the fiscal

year at issue in this case, the intermediary did not include the days at issue in this case in the numerator of the Medicaid proxy.

36. This paragraph contains conclusions of law and Plaintiff's characterization of its administrative appeal, not allegations fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the referenced letter, to which the Court is referred for a full and accurate statement of its contents. See A.R. at 777.

37. Denies, except to admit that the Hospital transferred its individual appeal to a group appeal.

38. Admits the existence of the referenced letter, to which the Court is referred for a full and accurate statement of its contents. See A.R. at 83.

39. Admits the existence of the referenced decision by the Provider Reimbursement Review Board, to which the Court is referred for a full and accurate statement of its contents. See A.R. at 2.

40-41. Admits the existence of the referenced letter, to which the Court is referred for a full and accurate statement of its contents. See A.R. at 13.

42. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

43. Admits the first sentence. The second sentence contains conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of 42 U.S.C. § 1395oo(f)(1), to which the Court is referred for a full and accurate statement of its contents.

44. The Secretary hereby incorporates by reference Defendant's answers to paragraphs 1

through 43 of the Complaint, as if each answer were set forth in full.

45. Denies, except to admit that the intermediary reopened the Hospital's cost report and issued a revised NPR reflecting changes to the Medicaid proxy of the Medicare DSH calculation.

46. This paragraph contains Plaintiff's characterizations of this action to which no response is deemed to be required.

47. This paragraph contains conclusions of law and Plaintiff's characterization of this action, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.

48. This paragraph contains conclusions of law and Plaintiff's characterization of a Supreme Court decision to which no response is deemed to be required. Defendant refers the Court to the cited case for a full and accurate statement of its contents, see Bethesda Hospital Ass'n v. Bowen, 485 U.S. 399 (1988).

The un-numbered paragraph following paragraph 48 contains Plaintiff's Prayer for Relief with respect to Count I of the Complaint to which no response is deemed to be required; to the extent a response is deemed necessary, denies that Plaintiff is entitled to the relief requested in the Prayer for Relief, or to any relief whatsoever.

49. The Secretary hereby incorporates by reference Defendant's answers to paragraphs 1 through 48 of the Complaint, as if each answer were set forth in full.

50. This paragraph contains conclusions of law and Plaintiff's characterization of this action, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.

51. This paragraph sets forth Plaintiff's legal conclusions to which no response is

deemed to be required.

52. Responding to the allegations in the first sentence, admits that the intermediary excluded the days at issue in this case from the numerator of the Medicaid proxy of the Medicare DSH calculation, but otherwise denies. The second sentence contains Plaintiff's characterization of this action to which no response is deemed to be required.

53. Denies.

54-55. These paragraphs set forth Plaintiff's legal conclusions to which no response is deemed to be required.

56-57. Denies.

58. This paragraph sets forth Plaintiff's legal conclusions to which no response is deemed to be required.

59-60. This paragraph sets forth Plaintiff's legal conclusions to which no response is deemed to be required. Defendant refers the Court to the cited regulatory provision for a full and accurate statement of its contents, see 42 C.F.R. § 412.106(b)(4).

The Secretary specifically denies all allegations in Plaintiff's Complaint not otherwise answered or qualified herein. In addition, the Secretary denies that Plaintiff is entitled to the relief requested in the Prayer for Relief, or to any relief whatsoever.

        Respectfully submitted,

        /s/
        KENNETH L. WAINSTEIN
        United States Attorney
        D.C. Bar No. 451058

        /s/
        PETER S. SMITH
        Assistant United States Attorney
        D.C. Bar No. 465131
        Civil Division
        555 4th Street, N.W.
        Washington, D.C. 20530
        (202) 307-0372/FAX: (202) 514-8780

        DAVID HOSKINS
        U.S. Department of Health and Human Services
        Office of the General Counsel
        Centers for Medicare & Medicaid Services Division
        330 Independence Ave., S.W., Room 5309
        Washington, D.C. 20201

        Attorneys for Defendant,
        Michael O. Leavitt,
        Secretary of Health and Human Services